## BAILEY *v.* SUPERINTENDENT OF SPRING GROVE STATE HOSPITAL FOR INSANE

[H. C. 16, October Term, 1947.]

*Decided December 17, 1947.*

Before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, and MARKELL, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from refusal of a writ of habeas corpus.

This application was filed by George A. Bailey now confined in the Spring Grove State Hospital. In this case the appeal to this court states, "I should have been entitled to a sanity hearing by an empaneled jury of the Law Courts of Baltimore City." In the papers before us, which apparently are the papers before the judge who refused the writ, there is no commitment or other paper showing just why the petitioner was committed. From a letter in the files in this case, it appears that

the superintendent of Spring Grove State Hospital wrote a letter containing the following statement, to the bailiff for Judge W. Conwell Smith, "Mr. Bailey was admitted to this hospital on November 15, 1943, on the order of Judge Emory Niles of the Criminal Court of Baltimore. Mr. Bailey had been awaiting trial on the charge of 'Incorrigible Minor', No. 4724, Docket of 1943, September Term, 1943. He pleaded 'Guilty', and on November 15, 1943, it was recommended by the court that 'the prisoner be confined in Spring Grove State Hospital for Insane until he recovers his Reason or Be Discharged by Due Course of Law.' " The letter also stated that in the opinion of the superintendent it would be impossible for the petitioner to adjust outside of the hospital on account of his mental condition.

The Acts of 1945, Chapter 702, which provided for appeals to this Court from the refusal to issue a writ of habeas corpus or from a final order remanding the petitioner or dismissing the proceedings provided in Section 3D: "The provisions of Sections 3A, 3B and 3C shall not apply to any case unless the petitioner is detained for or confined as the result of a prosecution for a criminal offense."

The Acts of 1947, Chapter 625, repealed and re-enacted Sections 3B and 3C of Chapter 702 of the Acts of 1945 with certain changes. However, Sections 3A and 3D *supra* of Chapter 702 of the Acts of 1945 were not repealed and are still in force and effect.

Therefore as it does not appear that the petitioner here is "detained for on confined as the result of a prosecution for a criminal offense" this Court has no jurisdiction on appeal and the application must be denied.

By Chapter 14 of the Acts of the Extraordinary Session of March, 1944, as amended by Chapter 387 of the Acts of 1945, a method is provided for jury trials, for persons confined in State institutions, for the purpose of having their sanity determined.

*Application denied, without costs.*