## MILLER *v.* SUPERINTENDENT OF SPRING GROVE STATE HOSPITAL

[H. C. 41, October Term, 1950.]

*Decided May 16, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

COLLINS, J., delivered the opinion of the Court.

This is an application for leave to appeal from the refusal of a writ of *habeas corpus* directed to Judge Frederick L. Cobourn of the Circuit Court for Harford County. It appears that the petitioner has filed ten prior applications for this writ, resulting in two hearings and eight refusals.

On November 5, 1941, petitioner was arraigned before Honorable Eugene O'Dunne, Associate Judge of the Supreme Bench of Baltimore City, on a charge of assault with intent to kill. The Court determined that the petitioner (defendant in that case) was insane and he was committed to Spring Grove State Hospital.

The petitioner bases his request for the issuance of this writ upon the following contentions:

(1) That he was not allowed to confront witnesses against him;

(2) That there was provocation for his assault;

(3) That when first brought up for trial in October, 1941, the case was postponed upon the word of one witness;

(4) That had he been convicted and sentenced to prison his term would have expired;

(5) That he has the right by application for writ of *habeas corpus* to have the Court determine his sanity;

(6) That he was denied due process of law in that the trial court accepted the word of one doctor as to his mental condition; and

(7) That the question of his sanity should have been left to a jury.

In *Miller v. Superintendent of Spring Grove State Hospital,* 190 Md. 741, 60 A. 2d 189, we passed upon a previous application of this petitioner for leave to appeal from the denial of a writ of *habeas corpus* and pointed out in that case that: "as it does not appear that the petitioner here is 'detained for or confined as the result of a prosecution for a criminal offense' this Court has no jurisdiction on appeal and the application must be denied. Acts of 1945, Chapter 702, Section 3 D, Code (1947 Supp.), Art. 42, Sec. 3 D; *Bailey v. Superintendent of Spring Grove State Hospital,* 60 Atl. 2nd 188." (190 Md. 735).

The petitioner does not make any claim whatsoever that he was not insane at the time of his commitment to Spring Grove State Hospital. Under the Annotated Code of Maryland (1939 Edition), Article 59, Section 6,

8 and 47 (as amended by the Laws of 1949, Chapter 685), the procedure is set up by which sanity of a defendant in a criminal case can be determined and the defendant committed if found insane. Nor does the petitioner make any sound contention that his commitment was improper. The Sections just referred to do not specify that the determination of sanity shall be based upon the findings of more than one physician. The petitioner does not assert any facts which would indicate the trial court failed to follow the statutory procedure.

The procedure under which a person confined to a State mental institution may have a redetermination of his mental condition is outlined in the Annotated Code of Maryland (1947 Supplement), Article 59, Section 22, which procedure is by petition directed to the circuit court for any county or to a court of law of the City of Baltimore. Under this procedure, the petitioner can, if he desires, elect a jury trial. This procedure has not been followed by the petitioner. *Bailey v. Superintendent of Spring Grove State Hospital, supra.*

If petitioner desires to have his present mental condition determined, he should follow the procedure outlined in Article 59, Section 22, *supra.* Even if it should be determined that petitioner is no longer insane, he could not be released. In a case such as this, Article 59, Section 8, *supra,* as amended, *supra,* provides for a stay in the criminal proceedings until such time as the defendant shall have recovered "and upon recovery the court shall proceed with the trial of the charge pending against such person".

*Application denied, with costs.*